JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ASHLEIGH BLAIR, ADRIANA HERNANDEZ, AND JANE DOE 1, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID BRIAN BAILEY, an individual; BOB MARTIN, INC. dba THE LIBRARY GENTLEMEN'S CLUB (Westminster), a California corporation; BAILEY FOOD AND BEVERAGE GROUP, LLC dba THE LIBRARY GENTLEMEN'S CLUB (Anaheim), a California limited liability corporation; CDBM REDLANDS, LLC dba THE LIBRARY GENTLEMEN'S CLUB (Redlands), a Nevada limited liability corporation; DOE MANAGERS 1-3; and DOES 4-100, inclusive,<br><br>Defendants. | CASE NO. SA19-cv-01849 JFW (ADSx)<br><br>Honorable John F. Walter<br>Magistrate Judge: Honorable Autumn D. Spaeth<br><br>**FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARD**<br><br>Date: December 21, 2020<br>Time: 1:30 p.m.<br>Dept: 7A<br><br>Complaint Filed: September 27, 2019<br>First Amended Complaint Filed: April 2, 2020<br>Trial Date: Not Set |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA BARBARA

JUDGMENT AND ORDER GRANTING FINAL APPROVAL

# FINAL JUDGMENT AND ORDER

Plaintiffs' Motion for Final Approval of Settlement Agreement and Motion for Attorneys' Fees, Costs, and Incentive Award came before the Court for hearing on December 21, 2020.  Plaintiffs were represented by Class Counsel Peter E. Garrell of Fortis LLP and John P. Kristensen of Kristensen LLP; Defendants were represented by Jeffrey A. Dinkin of Stradling Yocca Carlson & Rauth.  The Court, having considered whether to order final approval of the class action settlement in the above-captioned action pursuant to the Joint Stipulation of Class Action Settlement and Release ("Agreement") and the Addendum to the Settlement Agreement ("Addendum"), having read and considered all of the papers and argument of the Parties and their counsel, having granted preliminary approval on June 15, 2020, having approved the Addendum on December 17, 2020, having directed that notice be given to all Class Members of preliminary approval of the Settlement and the final approval hearing and the right to be excluded from the Settlement, and having received no objections and good cause appearing,

**HEREBY ORDERS AS FOLLOWS:**

1. The capitalized terms used in this Judgment and Order shall have the same meaning as defined in the Agreement and Addendum except as otherwise expressly provided.

2. The Court grants final approval of the settlement provided for in the Agreement and Addendum (the "Settlement").

3. The Settlement Class consists of:

> All current and former non-exempt hourly employees holding the position of Entertainer (i.e., exotic dancer) employed by Defendants, or any of them, in the State of California, counties of San Bernardino and Orange, working at any of Defendants' establishments located in Westminster, Anaheim, or Redlands, at any time during the time period from July 17, 2015 through the date of Preliminary Approval of the Settlement [June 15, 2020]. The

Settlement Class, however, will not include any person who previously settled or released the claims covered by this Settlement, or any person who previously was paid or received awards through civil or administrative actions for the claims covered by this Settlement.

4. The Parties complied in all material respects with the Class Notice plan set forth in the Agreement. The Court finds that the Class Notice plan, which was effectuated pursuant to the Preliminary Approval Order, constituted the best notice practicable under the circumstances and constituted due and sufficient notice to the Class of the nature and pendency of the Actions; the existence and terms of the Agreement and Addendum; the Settlement Class Members' rights to make claims, opt out, or object; and the matters to be decided at the hearing on Final Approval. Further, the Class Notice plan satisfies the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law. Notice of the Settlement was also provided to the appropriate state and federal government officials in compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

5. The Court has determined that full opportunity has been given to the Settlement Class to opt out of the Settlement, object to the terms of the Settlement or to Class Counsel's request for attorneys' fees, costs, and expenses and incentive award to Plaintiff, and otherwise participate in the hearing on Final Approval held on December 21, 2020.

6. The Court finds that the Settlement is in all respects fair, reasonable and adequate. The Court therefore finally approves the Settlement for the reasons set forth in the motion for Final Approval including, but not limited to, the fact that the Agreement and Addendum were the product of informed, arms'-length negotiations between competent, able counsel; counsel for the Parties had an adequate opportunity to evaluate and consider the strengths and weaknesses of their clients' respective positions; the Actions involved vigorously disputed claims, underscoring the uncertainty of the outcome in this matter and the risks of

1  continued litigation; the Settlement provides meaningful relief and monetary
2  benefits for the Settlement Class Members; and the Parties were represented by
3  highly qualified counsel who vigorously and adequately represented their
4  respective clients' interests.

5  7. The Settlement is in the best interests of the Settlement Class taking into
6  account the extent of the relief obtained in relation to the risks faced by the
7  Settlement Class Members in continuing to litigate their claims in the Actions.
8  The relief provided under the Agreement is appropriate as to the individual
9  members of the Settlement Class and to the Settlement Class as a whole. All
10 statutory and constitutional requirements necessary to effectuate the Settlement
11 have been met and satisfied.  Accordingly, pursuant to Rule 23(e), the Court finds
12 that the terms of the Settlement are fair, reasonable, and adequate to the Class and
13 to each Class Member. *Staton v. Boeing*, 327 F.3d 938, 960 (9th Cir. 2003). The
14 Parties shall effectuate the Settlement in accordance with the terms of the
15 Agreement and Addendum.

16 8. The Court approves the settlement of the Released Claims as defined in
17 the Agreement.  As of the Effective Date of the Settlement, as defined in the
18 Agreement, all of the Released Claims of each Settlement Class Member who did
19 not timely opt out, as well as the Class Representatives' Released Claims, are and
20 shall be deemed to be conclusively released as against the Released Persons.
21 Except as to such rights or claims that may be created by the Settlement, all
22 Settlement Class Members as of the date of the Final Judgment and Order of Final
23 Approval who did not timely opt out are hereby forever barred and enjoined from
24 commencing or prosecuting any of the Released Claims, either directly,
25 representatively or in any other capacity, against Released Persons.

26 9. The Court further approved the injunctive relief providing that as of
27 January 1, 2020 Defendants have converted all of the Entertainers at the Clubs to
28 employees and that absent a good faith argument regarding an applicable change in

case or statutory law, they shall continue to treat all Entertainers at the Clubs performing topless, semi-nude or bikini entertainment as employees.

10. Class Counsel, Peter E. Garrell and John M. Kennedy of Fortis LLP and John P. Kristensen and Jesenia A. Martinez of Kristensen LLP, shall continue to serve as Class Counsel and shall oversee and perform the duties necessary to effectuate the Settlement.

11. The Court finds that a Class Representative incentive award in the amount of $7,500 to each of the Class Representatives, Ashleigh Blair, Adriana Hernandez and Jane Doe 1, is appropriate for the risks undertaken and service to the Settlement Class. The Court finds that this award is fair, reasonable, and adequate, and orders that the Settlement Administrator make these payments in conformity with the terms of the Settlement.

12. The Court finds that attorneys' fees in the amount of $543,750.00 and actual litigation costs of $18,091.50 for Class Counsel are fair, reasonable, and adequate, and orders that the Settlement Administrator distribute these payments to Class Counsel in conformity with the terms of the Settlement.

13. The Court finds that Settlement Administrator's costs in the amount of $75,000 is fair, reasonable, and adequate, and orders that the Settlement Administrator distribute this payment in conformity with the terms of the Settlement.

14. The Court allocates $100,000 of the Gross Settlement Amount to penalties under the Private Attorneys General Act ("PAGA"), with 75% of the PAGA penalties, $75,000, to be paid to the California Labor and Workforce Development Agency ("LWDA") and 25% of the PAGA penalties, $25,000, to remain part of the Net Settlement Amount.

15. All payments shall be made in accordance with the Order Approving Addendum to Stipulation and Settlement Agreement dated December 17, 2020 (Dkt. No. 54).

16. Except as provided in this Order, Plaintiffs shall take nothing against Defendants by their First Amended Complaint, and final judgment shall be entered thereon, as set forth in this Order.

17. Without affecting the finality of the Judgment hereby entered, the Court reserves jurisdiction over the implementation of the Settlement.

18. Without further order of the Court, the Parties may agree in a writing signed by all counsel and filed with the Court to reasonable extensions of time to carry out any provisions of the Agreement and Addendum.

19. There is no just reason for delay in the entry of this Final Judgment, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: December 23, 2020

_____
Hon. John F. Walter
Judge, U.S. District Court